IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NANCY J. TATERA,**<br><br>             **Plaintiff,**<br><br>       v.<br><br>**THE PRUDENTIAL INSURANCE CO.**<br>**of AMERICA and W.W. GRAINGER**<br>**INC. EMPLOYEE BENEFIT PLAN,**<br>**a/k/a W.W. GRAINGER GROUP**<br>**BENEFIT PLAN I,**<br><br>             **Defendants.** | Case No. 11 C 2667<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

The instant suit involves Plaintiff Nancy Tatera's ("Tatera") attempt to recover long- and short-term disability benefits that she claims she was improperly denied under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Defendant Prudential Ins. Co. ("Prudential"), the plan administrator, moves for dismissal of Tatera's First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6), arguing that it is not a proper defendant as a matter of law. For the reasons stated herein, the motion is granted.

### I. BACKGROUND

For the purposes of this motion, the details of Tatera's claim are irrelevant. She seeks to recover benefits under Section 502(a)(1)(B), which allows a beneficiary to bring a civil

claim to recover benefits under the terms of an ERISA plan, to enforce rights under the plan, or to clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). This provision, however, does not address the proper party to be sued, and that is at issue here. Prudential, citing Seventh Circuit authority, argues that only the plan itself is subject to suit. Tatera contends the plan and Prudential, as the plan administrator, were "confusingly intertwined," making Prudential an appropriate defendant.

## II. **LEGAL STANDARD**

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must determine whether the Plaintiff's complaint includes sufficient facts to state a facially plausible claim for relief. *Specht v. Google, Inc.*, 660 F.Supp.2d 858, 862 (N.D. Ill. 2009) (internal citations omitted). A claim is facially plausible when the facts alleged allow the court to draw a reasonable inference of the defendant's liability for the wrongdoing alleged. *Id.* (internal citations omitted). In ruling on a motion to dismiss, the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007).

## III. **ANALYSIS**

In seeking dismissal, Prudential relies on the general rule in the Seventh Circuit that in a suit for ERISA benefits, the claimant

is limited to a suit against the plan itself, not the administrator. *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610 (7th Cir. 2007) (citing *Blickenstaff v. R.R. Donnelly & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004)). This limitation stems from Section 1132(d)(2) of ERISA, which provides: "any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter." 29 U.S.C. § 1132(d)(2); *see Hackner v. Long Term Disability Plan for Emps. of Havi Group LP*, 81 Fed. App'x. 589, 593 (7th Cir. 2003).

A claimant may sue a party other than the plan only in limited circumstances. *Zuckerman v. United of Omaha Life Ins. Co.*, No. 9 C 4819, 2010 WL 2927694, at *3 (N.D. Ill. July 21, 2010). For example, the Seventh Circuit has held that an employer that serves as the plan administrator is subject to suit where the plan documents refer to the employer and the plan interchangeably. *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997). Similarly, an employer that serves as plan administrator is a proper defendant when the employer and the plan are closely intertwined. *Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001). These exceptions stand for the proposition that a party other than the plan may be sued "when the identity of the plan is

not discernable because of the close relationship between the employer and the plan." *Zuckerman*, 2010 WL 2927694, at *3.

Tatera argues that in this instance, Prudential and the plan are closely intertwined because it was Prudential that reviewed the medical evidence and made the decision to terminate her short-term disability benefits and deny her request for long-term disability benefits. Pl.'s Compl. at ¶ 10-15. However, the fact that Prudential was responsible for the denial of benefits is not enough to make it a proper defendant under Seventh Circuit precedent. In *Mote*, the plan administrator had authority to determine "whether and to what extent employees and beneficiaries are entitled to benefits; and construe any disputed or doubtful terms" of the policy. *Mote*, 502 F.3d at 603. The Seventh Circuit nonetheless found that suit against the administrator was improper because the administrator was not the claimant's employer and the plan's policy distinguished between the plan, the employer, and the plan administrator. *Id.* at 611; *see also Zuckerman*, 2010 WL 2927694, at *3 (finding allegation that plan administrator made all the relevant decisions was insufficient to make it a proper defendant); *Schultz v. Prudential Ins. Co. of Am.*, 678 F.Supp.2d 771, 776 (N.D. Ill. 2010) (applying general rule when plan administrator made coverage decisions).

Tatera cites several cases from the Northern District as supporting her position, but those cases are distinguishable

because they either pre-date the general rule confirmed by the Seventh Circuit in *Mote* or involve circumstances in which the identity of the plan was unknown or ambiguous. Here, Tatera clearly knows the identity of the plan, as it is named in her suit. Tatera also relies on the Ninth Circuit's recent ruling in *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011). There, the Ninth Circuit held that an insurer was a proper defendant in a suit for disability benefits because it, and not the plan administrator, was the entity that denied the claimant's request for increased benefits and that was responsible for paying the benefits. *Id.* at 1207. The Ninth Circuit reasoned that the relevant statutory language does not appear to limit the identity of the parties to be sued, and found that it was logical for the party that made the coverage decision to be named as the defendant. *Id.* at 1205-07.

The Court recognizes that other circuits would allow Tatera's claim against Prudential to proceed. *See North Cypress Med. Center Operating Co. v. CIGNA Healthcare*, --- F.Supp.2d ---, 2011 WL 819490, at *10 (S.D. Tex. March 2, 2011) (noting that several circuits allow benefit claims against the party that controls plan administration). But this Court is bound by Seventh Circuit precedent. This is true even though some courts within this circuit have questioned the prudence of the general rule that only the plan may be sued for benefits. *See Black v. Long Term*

*Disability Ins.*, 373 F.Supp.2d 897, 899-900 (E.D. Wis. 2005) (observing that statutory language does not seem to compel the rule and that a judgment against the plan could be unenforceable).

Tatera also notes that in other ERISA benefits cases in this district, Prudential has stipulated that it is the proper defendant. Tatera argues that it is "disingenuous" for Prudential to argue otherwise here, but cites no case law for the proposition that Prudential is bound by prior litigation decisions in other cases. As such, this cannot be a basis for denying dismissal. *See Schultz*, 678 F.Supp.2d at 776 n. 3. So Prudential's motion to dismiss must be granted. Prudential's request for fees and costs associated with bringing this motion is denied.

### IV. CONCLUSION

For the reasons stated herein, Prudential's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　/s/ Harry D. Leinenweber
　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 9/1/2011